UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,          No. 23-cr-20058          ORIGINAL

                    Plaintiff,          HON. Linda V. Parker

v.
                                     **Offense:** 18 U.S.C. §§ 1001, 2
                                     (False Statement)

D-1 ALAN MARKOVITZ,

                 Defendant.          **Maximum Penalties:**
                                     **5** years' incarceration;
                                     $250,000 fine

---

### Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, **D-1 ALAN MARKOVITZ** [MARKOVITZ] and the government agree as follows:

1. **Guilty Plea**

    A. **Counts of Conviction**

    Defendant will enter a plea of guilty to Count One of the Information, which charges him with aiding and abetting the making of false statements to a government agency in violation of 18 U.S.C. §§ 1001 and 2.

B.     **Elements of Offenses**

The elements of **Count One** (aiding and abetting false statements)

are:

(1) The crime of making a false statement to a government agency
was committed by someone.  That crime is made up of the
following elements:

(a) That someone made a statement;

(b) That the statement was false;

(c) That the statement was material;

(d) That the the person making the false statement acted
knowingly and willfully; and

(e) That the statement pertained to a matter within the
jurisdiction of the executive branch of the United States
government.

(2) That the defendant helped to commit the crime or
encouraged someone else to commit the crime;

(3) That the defendant intended to help commit or encourage the
crime.

C.     **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for

defendant's guilty plea:

(1) On March 13, 2018, the Federal Bureau of Investigation and
the Internal Revenue Service, Criminal Investigation Division,
both agencies of the executive branch of the government of the

United States, were performing a criminal investigation in the Eastern District of Michigan.

(2) On that date, to further their investigation, Ronald Szolack, a former business associate of MARKOVITZ, was interviewed by agents of the Federal Bureau of Investigation and the Internal Revenue Service, Criminal Investigation Division;

(3) During the course of the interview, Szolack made false statements to the agents that a real estate agent, MC, advised him about the propriety of a property sale.

(4) The defendant and Szolack discussed what Szolack would say to agents regarding the property sale which occurred in January 2010 prior to the time of the March 13, 2018 interview, and agreed that Szolack would provide false information to the agents about the real estate agent's advice about the legality of the sale of the property.

(5) The statements that Szolack made to the interviewing agents was material to the state of mind of MARKOVITZ and Szolack and to the investigation being conducted by the U.S. Government.

2.    **Sentencing Guidelines**

A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is **0-6 months**, as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **0-6 months**, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

- 4 -

3.    **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

    A.    **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case **may not exceed 6 months**, the top of the sentencing guidelines the parties believe are applicable, as determined by Paragraph 2B.

    B.    **Supervised Release**

A term of supervised release may follow the term of imprisonment. The Court may impose a term of supervised release of up to three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

    C.    **Special Assessment**

Defendant will pay a special assessment of $100.00 at the time of sentencing.

    D.    **Fine**

There is no agreement as to fine.

E.   **Restitution**

Restitution does not apply in this case because there are no monetary losses resulting from the offense of conviction.

F.   **Forfeiture**

MARKOVITZ acknowledges that the United States seized the following asset from him pursuant to a federal seizure warrant obtained on or about November 7, 2014: approximately two million dollars ($2,000,000.00) in funds on deposit in Fifth Third Bank Investment account number ending 8474.  As part of this agreement, MARKOVITZ and the government have entered into a Stipulation for Entry of Consent Judgment and Final Order of Forfeiture of $1,298,202.99 of these seized funds. Defendant's agreement to the civil forfeiture of these funds is made part of this agreement by reference.

4.   **Other Charges**

If the Court accepts this agreement, the government agrees to forego prosecution of MARKOVITZ for any additional charges about which the government was aware as of the date of the signing of this agreement.

## 5. Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 6. Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

## 7. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 6 months, the defendant also waives any right he may have to appeal his sentence on any grounds.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

## 8. Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

- 8 -

9. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

- 9 -

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 1:00 P.M. on February 22 2023.  The government reserves the right to modify or revoke this offer

at any time before defendant pleads guilty.

DAWN N. ISON
United States Attorney

JOHN K. NEAL
Assistant United States Attorney

CRAIG A. WEIER
Assistant United States Attorney

- 10 -

p.1

FE9. 23. 2023   4:15PM     HERTZ SCHRAM PC                    NO. 5629   P. 2

Chief, White Collar Crimes

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
WALTER J. PISZCZATOWSKI
Attorney for Alan Markovitz

Date: 2/23/22

_____
HAROLD S. FRIED
Attorney for Alan Markovitz

Date: 2/23/23

_____
ALAN MARKOVITZ
Defendant

Date: 1-23-23