THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,  NO. 23-20058

                Plaintiff  Honorable Linda V. Parker
vs.

Alan Markovotz,

                Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States provides this memorandum in support of its position on sentencing. For the following reasons, it recommends that the Court find the guideline imprisonment sentencing range to be 0-6 months.

**I.**     **Introduction and Facts**

In March 2018, the FBI and IRS were investigating various allegations of bank fraud involving short sales of real estate. Ronald Szolack and Alan Markovitz were targets. The investigation related, in part, to a short sale transaction in which Szolack failed to tell the bank which held the mortgage on his home that he intended to buy his house back from the buyer, Markovitz, after the short sale took place.  Szolack was interviewed about these allegations and lied to federal agents. Szolack falsely claimed that he told the real estate agent he intended to repurchase his house from Markovitz after the short sale took place.  Szolack also falsely

claimed the real estate agent told him that if the buyer was not a family member, he could purchase the home back from Markovitz after the short sale.

Before Szolack's interview with the FBI he and Markovitz discussed what Szolack would say to the agents about the property sale in January 2010. During this meeting they agreed that Szolack would provide false information to the agents regarding the real estate agent's advice about the legality of the sale of the property.  As agreed, Szolack made the false statements which were material to the investigation and directly related to the federal agents' assessment of Szolack's and Markovitz's intent.

**II.    Sentencing Guideline Calculations**

    **A.    Base Offense Level:  USSG 2B1.1(a)(2)**

The base level for this offense is 6.

    **B.    Adjustment for Obstruction of Justice: USSG 3C1.1**

The probation department correctly assessed a 2-level adjustment to the calculation of Markovitz's offense level because Markovitz and Szolack agreed that Szolack would lie to federal agents with the intent to obstruct and impede their investigation. The parties agree that this adjustment is appropriate.

    **C.    Acceptance of Responsibility: USSG 3E1.1(a)**

Markovitz pleaded guilty, accepted his responsibility, and is entitled to a 2-level reduction in the calculation of his offense level.

    **D.    Defendant's Guideline Range is 0-6 Months.**

There are no additional enhancements or adjustments. The probation department and the parties agree that the resulting guideline range is 0-6 months. (PSR ¶ 47).

**III.    Application of 18 U.S.C. § 3553**

Title 18, United States Code, Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. In order to determine the "particular" sentence to impose, this Court must consider the familiar statutory factors listed in §3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines and another is the Commission's policy statements. *See* 18 U.S.C. §3553(a)(4), (a)(5). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38 (2007). For two reasons, this Court should give serious consideration to the advisory Guideline range.

First, the Sentencing Guidelines are the *sole* factor in § 3553(a) that provide any objective sentencing range which can practicably promote the overall goal of minimizing unwarranted sentencing disparities, a statutorily mandated factor. *See* 18 U.S.C. § 3553(a)(6); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th

3

Cir. 2005) ("The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country."); *see also Booker v. United States*, 543 U.S. 220, 250 (2005) ("Congress' basic statutory goal – a system that diminishes sentencing disparity"); *id.* at 253("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity"); *id.* at 267 (rejecting other remedial alternatives because they were inconsistent with the "basic objective of promoting uniformity in sentencing"). The Supreme Court created the advisory system to "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individual sentences where necessary." *Booker*, 543 U.S. at 264-65. The only way to prevent widespread, unwarranted disparities is to give serious consideration to the Guidelines.

Second, the Guidelines generally deserve serious consideration because they are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46. It is true that there is no "presumption" that a Guidelines sentence is the "correct" sentence, *Rita v. United States*, 551 U.S. 338, 351 (2007), and that there is broad sentencing discretion post-*Booker*. However, the Commission is "a respected public body with access to the best knowledge and practices of penology; its judgments should not lightly be disregarded." *United States v.*

4

*Wachowiak*, 496 F.3d 744, 753 (7th Cir. 2007)(internal quotation and citation omitted), *abrogated on other grounds*. Furthermore, the Commission is charged by statute to periodically review and revise the Guidelines as the Commission collects comments and data from numerous sources in the criminal justice system, 28 U.S.C. § 994(o), and these ongoing efforts to refine the Guidelines are another reason to seriously consider the advisory range.

In the event this Court exercises its discretion to sentence outside the advisory range, there are guideposts for evaluating what the extent of the deviation should be and when a non-Guidelines sentence will be deemed unreasonable on appeal. These guideposts are set forth in Supreme Court cases. The Supreme Court instructs that it is "clear that a district judge must give serious consideration to the extent of any [variance] from the Guidelines and must explain [his] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Gall*, 552 U.S. at 46. The degree of the deviation from the advisory Guidelines range is relevant in choosing the sentence:

> If [the judge] decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.

5

*Gall*, 552 at 50; *see also United States v. Klups*, 514 F.3d 532, 537 (6th Cir. 2008).

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

Markovitz engaged in a well-planned effort to convince federal agents that he and Szolack did not intend to defraud a financial institution and he did so by lying to federal agents about communications he and Szolack had with the real estate agent managing the short sale transaction. This had the effect, as Markovitz intended, of impeding, obstructing, and prolonging the federal investigation.

The applicable guideline range appropriately recognizes the seriousness of an offense of this type.

### B. The History and Characteristics of the Defendant

Markovitz's own description and the probation department's investigation, indicate Markovitz had a childhood that was nurturing and offered him every opportunity to succeed. Which he did until 2018 when he agreed that Szolack would lie to law enforcement, resulting in this prosecution. Markovitz has zero criminal history points.

The government is not making a motion for departure under USSG § 5K1.1 for substantial assistance. However, as Markovitz will undoubtedly point out, he did cooperate in a Department of Justice Tax Division's prosecution. The attorney assigned to that case has written a letter outlining the cooperation and acknowledging that Markovitz was truthful, candid, and very cooperative. The

government believes this information can be considered in fashioning a sentence in this case.

    **C.**    **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, To Promote Respect for the Law, and to Provide Just Punishment for the Offense**

A guideline sentence considering §3553 factors would reflect the seriousness of the offense, promote respect for the law, and adequately punish Markovitz for his criminal behavior.

    **D.**    **The Need to Afford Adequate Deterrence to Criminal Conduct and To Protect the Public From Further Crimes of the Defendant**

The justice system must send the appropriate message to those inclined to engage in fraud -- a clear message that the justice system will punish such conduct. A guideline sentence and §3553 considerations will achieve this objective.

    **E.**    **The Need to Provide the Defendant with Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

There is no need in this case to adjust the sentence below the guideline range in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." §3553(a)(2)(D).

7

### F.  The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who have been Found Guilty of Similar Conduct

While the sentencing guidelines are advisory, they remain the sole means available for assuring some measure of uniformity in sentencing, fulfilling a key Congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the guidelines, while carefully considering the 3553(a) factors particularly relevant to an individual defendant, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Accordingly, the Supreme Court has held that "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process" to assure fair, proportionate, and uniform sentencing of criminal offenders. *Gall,* 552 U.S. at 50 n.6. The government is confident that this Court will do so.

## IV.   Conclusion

Considering the nature of Alan Markovitz's conduct, the government submits that a sentence within the guideline range of 0-6 months is appropriate and urges the Court to impose a sentence that takes that and §3553 factors into consideration.

    Respectfully submitted,

    DAWN N. ISON
    United States Attorney

    s/ Karen L. Reynolds
    KAREN L. REYNOLDS (P31029)
    Assistant U.S. Attorney
    211 West Fort Street, Suite 2001
    Detroit, MI  48226
    (313) 226-9672
    karen.reynolds@usdoj.gov

Dated: August 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

s/ Karen L. Reynolds
KAREN L. REYNOLDS (P31029)
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9672
karen.reynolds@usdoj.gov
