UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ALAN MARKOVITZ,

     Defendant,

v.

CHARLES BLACKWELL,

     Movant,

_____/

Case No. 2:23-mc-51361
Related Case No. 2:23-cr-20058
Hon. Linda V. Parker

## ALAN MARKOVITZ'S MOTION TO SEAL SENTENCING LETTER PURSUANT TO THE COURT'S APRIL 18, 2024, OPINION & ORDER

Alan Markovitz, by and through counsel, pursuant to the Local Rules for the Eastern District of Michigan, *see e.g.,* ED Mich L.R. 5.3, and related caselaw and practice, and in accordance with this Court's April 18, 2024, Opinion and Order, hereby moves this Court to direct that the unredacted sentencing letter that Mr. Markovitz previously submitted to the Court via chambers ("Sentencing Letter"), attached hereto as sealed Exhibit A, be filed under seal in its entirety or, in the

1

alternative, as redacted by Mr. Markovitz, as attached hereto as sealed Exhibit B[1],

for purposes of ensuring the safety of Mr. Markovitz and his loved ones as well as

serving the various other compelling interests discussed, all of which outweigh any

right of public access to said letter.  Mr. Markowitz further moves this Court, in

holding any proceedings related to and in ruling on the instant motion, to safeguard

the information sought to be hereby shielded from public access, including by filing

either its entire order under seal or setting forth its underlying reasoning in an

attachment thereto that is filed under seal.  The reasons in support of Mr. Markovitz's

motion are more fully set forth in the attached Brief in Support.

Pursuant to Local Rule 7.1, counsel for Mr. Markovitz contacted the Assistant

United States Attorney representing the U.S. Government in this matter, advising of

the nature of and legal basis for this motion and the relief requested, seeking

concurrence in same and such concurrence was granted.  Counsel for Mr. Markovitz

has not contacted and sought to obtain the concurrence of Movant, proceeding *pro

se* in this matter, because any such attempt would be futile and/or require the

disclosure of matters that Mr. Markovitz is hereby moving to shield from public

---

[1] Should the Court desire any further explanation regarding the reasons for any of the proposed redactions, counsel would welcome the opportunity to provide such information.

access in the first instance.

Respectfully submitted,

Hertz Schram PC
Attorneys for Defendant Alan Markovitz
/s/ Walter J. Piszczatowski (P27158)
1760 S. Telegraph, Suite 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
Dated:  May 2, 2024          wallyp@hertzschram.com

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,                    Case No. 2:23-mc-51361
                                     Related Case No. 2:23-cr-20058
v.                              Hon. Linda V. Parker

ALAN MARKOVITZ,

      Defendant,

v.

CHARLES BLACKWELL,

      Movant,

_____/

**ALAN MARKOVITZ'S BRIEF IN SUPPORT OF HIS MOTION TO SEAL
SENTENCING LETTER PURSUANT TO
THE COURT'S APRIL 18, 2024, OPINION & ORDER**

i

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......................................................................................................... iii

ISSUE PRESENTED .................................................................................................................... iv

I.      BACKGROUND ................................................................................................................. 1

A.   Criminal Case ..................................................................................................................... 1

B.   Instant Miscellaneous Case ............................................................................................... 2

II.     ARGUMENT ..................................................................................................................... 4

A.   Reasonable Notice and Opportunity to Be Heard ....................................................... 6

B.   Compelling Interests for Sealing the Sentencing Letter ............................................. 8

C.   Further Reasons Which Support Sealing ...................................................................... 15

III.    CONCLUSION ................................................................................................................ 18

CERTIFICATE OF SERVICE ............................................................. **Error! Bookmark not defined.**

# INDEX OF AUTHORITIES

**Cases**

*Cyphert v. Scotts Miracle-Gro Co. (In re Morning Song Bird Food Litig.),* 831 F.3d 765, 773-78 (6th Cir. 2016)...................................................................................................................................... 9, 14, 17

*In re Fair Fin.*, 692 F.3d at 434 ......................................................................................................... 7

*In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 474 (6th Cir. 1983).................................................... 5

*In re Owens,* No. 20-1474, 843 Fed. Appx. 667 (6th Cir. Jan. 22, 2021) .................................... 13

*Indianapolis Star v. U.S. (In re Fair Fin.)*, 692 F.3d 424, 429, 431 (6th Cir. 2012).............................. 4, 5

*Nixon v. Warner Communications,* 435 U.S. 589, 598 (1978) .................................................................. 5

*U.S. v. Ahsani,* 76 F.4th 441, 448, 452-53 (5th Cir. 2023)........................................................... 7, 13

*U.S. v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020) ................................................................................ passim

*U.S. v. Griffiths,* No. 19-4276, 2020 U.S. App. Lexis 36108, (6th Cir. Nov. 17, 2020) ......................... 14

*U.S. v. Harris,* 890 F.3d 480, 491-92 (4th Cir. 2018)..................................................................... 10, 11, 12

*U.S. v. Kravetz,* 706 F.3d 47, 56-57 (1st Cir. 2013)................................................................. 4, 6, 8, 15

*U.S. v. McConnell,* No. 5:22-cr-00124, 2023 U.S. Dist. Lexis 24847 (SD W. Va. Feb. 14, 2023) ....... 14

*Wash. Post v. Robinson,* 935 F.3d 282, 289 (D.C. Cir. 1991) ................................................................. 7

**Statutes**

18 U.S.C. § 2 ........................................................................................................................................ 1

18 U.S.C. § 3553 ................................................................................................................................. 2

18 U.S.C. § 3553(a) ........................................................................................................................... 17

18 U.S.C. § 3582(c)(2)........................................................................................................................ 10

18 U.S.C. §§ 1001 ............................................................................................................................... 1

**Other Authorities**

U.S Sentencing Guidelines § 5K1.1.................................................................................................... 10

## <u>ISSUE PRESENTED</u>

1.    Whether there are compelling interests warranting this Court to direct that Mr. Markovitz's Sentencing Letter be filed under seal in its entirety or, in the event such sealing were somehow considered not narrowly tailored enough, as proposed to be redacted by Mr. Markovitz?

4877-5461-9085, v. 1

# I.    BACKGROUND

## A.    Criminal Case

On January 27, 2023, Alan Markovitz was charged, by way of Information, with one count of aiding and abetting the making of a false statement to a government agency in violation of 18 U.S.C. §§ 1001 and 18 U.S.C. § 2 in criminal case, No. 2:23-cr-20058 ("Criminal Case").  (*See* Criminal Case, ECF No. 1).

On April 27, 2023, Mr. Markovitz entered a guilty plea to said charge pursuant to a Rule 11 Plea Agreement ("Rule 11"), under which the U.S. Government and Mr. Markovitz, pursuant to F.R.Cr.P. 11(c)(1)(C), agreed, among other things, that the U.S. Sentencing Guideline range was 0 to 6 months, that any imprisonment would not exceed 6 months, and that any supervised release would not exceed three years. *(See* Criminal Case, *ECF No.* 12).  Pursuant to the Rule 11, the Government and Mr. Markovitz also agreed to enter into a Stipulation for Entry of Consent Judgment and Final Order of Forfeiture with respect to $1,298,202.99 of funds that were seized from him.  (*Id.*) (See, #23-cv-10467)  The Court took the Rule 11 under advisement and set the matter for sentencing.

Prior to sentencing, the Government moved to file its sentencing memorandum under seal, which motion the Court granted, placing the motion, the memorandum, and the Court's order under seal.  Mr. Markovitz, through counsel, submitted a Sentencing Letter to the Court via chambers only.  The Sentencing

Letter, which is attached hereto as sealed Exhibit A, highlighted various factors for the Court's consideration pursuant to 18 U.S.C. § 3553.

On August 30, 2023, after considering all the relevant information, including the U.S. Probation Department's well-written Presentence Investigation Report, the Court accepted the parties' Rule 11 Agreement and pursuant to 18 U.S.C. § 3553, sentenced Mr. Markovitz to 1 day of imprisonment with time served; 1 year of supervised release; and a fine in the amount of $9,500.00. (*See* Criminal Case, Judgment, ECF No. 21).

## B.    Instant Miscellaneous Case

On September 6, 2023, Mr. Charles Blackwell ("Movant"), proceeding *pro se*, filed, in the related instant miscellaneous case (No. 23-mc-51361), a Motion to Unseal Sentencing Memorandum's (sic) ("Motion to Unseal"), seeking "to unseal the Government's and Defendant's sentencing memorandum[s] in this case" pursuant to the First Amendment and common law. (ECF No. 1). By Order dated September 11, 2023, this Court ordered the Government to file a response to Movant's Motion to Unseal. (ECF No. 2) Since Mr. Markovitz had not filed his Sentencing Letter on the docket, let alone under seal, Mr. Markovitz did not think it was necessary to file a response and, thus, did not do so.

On September 25, 2023, the Government filed a response to Movant's Motion to Unseal, maintaining, among other things, that Movant did not have

2

standing and that its sentencing memorandum was properly subject to sealing to the extent that it contains "sensitive information that could implicate the safety of an individual"—which qualifies as a "higher value" outweighing the public's "*qualified* right" to the document, in its entirety. (ECF No. 3, PageID.27-28)[2]  The Government sought leave to "file a redacted sentencing memorandum that protects the sensitive information included in the sealed memorandum while balancing the need for disclosure given the public's qualified right to certain judicial documents."  (*Id.*)

On September 28, 2023, Movant filed a reply to the Government's response, asserting, among other things, that the risk of harm articulated by the Government was "conclusory and speculative" and not "specific" or "defined" enough (ignoring that the Government's response was publicly filed and, thus, had to be drafted very carefully in order to avoid disclosing the very information sought to be sealed—which information the Court could easily discern by reviewing the sealed memorandum itself). (ECF No. 4, PageID.34-36) (arguing, without a logical or sufficient legal basis, that the Government's sentencing memorandum should be unsealed in its entirety or, alternatively, the Government should be allowed to redact only the name of the "individual" who is subject to the risk of harm).

---

[2] Mr. Markovitz agrees with and adopts the Government's arguments in their totality.

On April 18, 2024, the Court issued an Opinion and Order ("Opinion and Order"), finding that "a presumption of public access [applies] to sentencing memoranda" under the First Amendment and common law, but aptly recognizing that "public access is not unlimited" and that "'[s]ealing is appropriate if it is 'essential to preserve higher values' and is 'narrowly tailored' to serve such ends.'" (*See* ECF No. 6, PageID.49-51)(for the former proposition, citing, among other cases, *U.S. v. Kravetz*, 706 F.3d 47, 56-57 (1st Cir. 2013), and, for the latter proposition, citing such cases as *Indianapolis Star v. U.S. (In re Fair Fin.)*, 692 F.3d 424 (6th Cir. 2012)).  As the Court wrote, "these sentencing materials should be unsealed—and first filed, in the case of Markovitz' letter"—unless the Government and Mr. Markovitz, via proper motions to seal, "show that compelling reasons justify sealing materials in the respective submissions" and that such sealing is "narrowly tailored to serve those compelling interests."  (*See id.*, PageID.53, n.3)

Consistent with this directive, Mr. Markovitz hereby moves the Court to seal his Sentencing Letter in its entirety.  If his request is not so granted, Markovitz requests that the Sentencing Letter be redacted as in sealed Exhibit B.

## II.   <u>ARGUMENT</u>

Assuming arguendo that, as the Court held, a presumptive right of access under the First Amendment and/or the common law attaches to sentencing

4

memoranda, it is axiomatic that such right is not an absolute or unqualified one but, rather, is often outweighed by competing interests in a given case. *See generally e.g., In re Fair Fin.*, 692 F.3d at 429, 431 (6th Cir. 2012) (recognizing that, where the First Amendment right of access applies, that right is "qualified" and "sealing is [still] appropriate if it is 'essential to preserve higher values' and is 'narrowly tailored' to serve such ends," and that, where the common law right of access to judicial records applies, such right is similarly not "absolute").

Indeed, as the Court's Opinion and Order underscores, among other reasons, "[a] court may limit access to court proceedings and records to prevent them from 'becoming a vehicle for improper purposes,' such as to 'gratify private spite or promote public scandal,'" or even "to avoid the dissemination of 'libelous statements or business information that might harm a litigant's competitive standing.'"  (ECF No. 6, PageID.51-52)(citing *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 474 (6th Cir. 1983), quoting *Nixon v. Warner Communications,* 435 U.S. 589, 598 (1978)).

Here, the sealing of Mr. Markovitz's Sentencing Letter would serve several more compelling interests that would be harmed otherwise and such sealing is also narrowly tailored to serve such interests.

### A. Reasonable Notice and Opportunity to Be Heard

As an initial matter, in his Motion to Unseal and elsewhere, Movant erroneously asserts that, in affording the public and press a prior reasonable opportunity to respond and present their claims for access to judicial records before denying them of their presumptive right to access same, courts are somehow required to put motions to seal on the docket and make them publicly available in their entirety (even where such motions, in setting forth the specific reasons for the requested sealing, would reveal the very information sought to be sealed) and to issue orders setting forth, in a publicly available way, the specific findings and conclusions justifying the non-disclosure to the public. (*See* ECF No. 1, PageID.12-16).

For purposes of giving potentially interested parties notice and an opportunity to be heard before the sealing of any judicial documents to which the presumptive right of access attaches, "[s]afeguards that will protect the access rights of the public, without unduly interfering with the workings of the judicial process…include a docket entry that a motion to seal has been filed." *U.S. v. Kravetz*, 706 F.3d 47, 59-60 (1st Cir. 2013). However, because "such motions frequently discuss in some detail the material sought to be sealed, leave of court may be requested to file the text of the motion and any supporting materials under seal pending the district court's disposition of the motion[;]" further, while the

court's disposition of the motion to seal "ordinarily is also reflected on the docket," it may also properly be subject to sealing. *Kravetz,* 706 F.3d at 60 (citing to *Wash. Post v. Robinson,* 935 F.3d 282, 289 (D.C. Cir. 1991)). Indeed, in direct contradiction to Movant's argument, while courts must articulate the specific reasons justifying the sealing of a judicial document, "this articulation requirement exists only to aid reviewing courts rather than for the benefit of the public" such that "reversal on this basis is appropriate only where a sealing court's deficient articulation of its decision impedes review." *In re Fair Fin.*, 692 F.3d at 434. Thus, in ruling on a motion to seal, courts will often set forth an articulation of their reasoning in an attached exhibit filed under seal, and if the court sets for its reasoning, Mr. Markovitz requests that it be under seal. *See e.g., U.S. v. Ahsani*, 76 F.4th 441, 448, 452-53 (5th Cir. 2023) (recognizing that, if a district court "cannot adequately explain its reasoning without disclosing sealed information or information it seeks to protect by closing the proceeding, it may file its reasoning under seal").

If motions to seal detailing the particular material to be sealed and the specific reasons therefor or judicial opinions and orders granting such motions and setting forth the findings in support thereof were, in themselves, to be made publicly available, the process would effect the public disclosure of the very

7

material sought to be shielded from public access, which, of course, would be nonsensical.

**B**.    **Compelling Interests for Sealing the Sentencing Letter**

As U.S. Courts of Appeal like the First Circuit have clearly recognized, "'[p]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records'" and, in conducting the requisite balancing of interests, "courts should 'consider the degree to which the subject matter is traditionally considered private rather than public.'"    *Kravetz,* 706 F.3d at 62-63 (recognizing that "[m]edical information is…universally presumed to be private, not public"). Further, "'[f]inancial records…, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.'"    *Kravetz,* 706 F.3d at 62.    Certainly one's cooperation with the U.S. Government is an extremely "private" rather than "public" matter, unless, of course, that cooperation becomes public, by way of example, because an individual testifies in open court.

Importantly, even though presentence investigation reports ("PSRs") and objections thereto both serve the purpose of "aid[ing[ the court in sentencing" and "determining the appropriate sentence," such materials, as the Sixth Circuit has held, are never subject to a presumption of access under either the First

8

Amendment or the common law but, rather, are subject to a presumption of confidentiality such that "a third party seeking the release of same must make a showing of 'special need' to obtain the document[s]." *See Cyphert v. Scotts Miracle-Gro Co. (In re Morning Song Bird Food Litig.),* 831 F.3d 765, 773-78 (6th Cir. 2016); Opinion and Order, ECF No. 5, PageID.49 (recognizing this as well). The important policy reasons underlying such confidential status "are threefold: (1*) the defendant's interest in privacy* and in preventing the dissemination of inaccurate information, (2) *law enforcement's and cooperating informants' interest in confidentiality,* and (3) *the sentencing court's interest in encouraging the free flow of information during the presentencing process*." *Id.* (emphases added).

As the Sixth Circuit has further recognized about PSRs and objections thereto, "PSRs often contain information gleaned from confidential informants" and "[p]ublic disclosure of these sources *can* endanger government informants and '*may* obstruct the [G]overnment's ability to investigate crimes.'" *In re Morning Song Bird Food Litig.,* 831 F.3d at 776 (recognizing that disclosing such information "would *tend* to restrict the sentencing court's access to relevant knowledge [for sentencing] by discouraging the transmission of information by defendants and cooperating third parties")(emphasis added). This logic applies equally to a defendant's cooperation with the Government. In fact, this is a

9

paramount and, perhaps, the most oft-cited basis for sealing, and sealing a defendant's cooperation with the Government has historically been recognized as essential in this district for the very reasons set forth above.

In the well-reasoned case of *United States v. Doe,*[3] the Fourth Circuit reversed the district court's denial of the defendant's motion to seal a certain court order referring to the defendant's cooperation with the government—to wit, a court order denying the defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and referencing the government's prior motion for a downward departure under U.S Sentencing Guidelines § 5K1.1. 962 F.3d 139, 142, fn.1 (2020) (anonymizing the case given its sensitive nature and ordering the district court to do so on remand as well). The Court found that the defendant's compelling interest in protecting his own safety "outweighs the public's interest in accessing it under either the common law standard or the more rigorous First Amendment standard." *Id.* at 145-47.

As the *Doe* Court underscored, '[c]ourts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation…may justify restricting access.'" *Id.* at 147 (citing *U.S. v. Harris,* 890 F.3d 480, 492 (4th Cir. 2018)). Further, "'the need to protect the well-being of a

---

[3] (*See* Motion to Unseal, ECF No. 1, PageID.17)(otherwise favorably citing to *U.S. v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020)).

defendant 'is even more elevated if judicial records suggest that the defendant may have cooperated with law enforcement.'" *Id.* at 147-48. (citing *Harris*, 890 F.3d at 492, and noting that, while *Harris* evaluated the public's right of access under the common law, not the First Amendment, the interest in protecting cooperators from harm is no less compelling in the First Amendment context").[4]

In short, as the Fourth Circuit stated, it has "no difficulty concluding that protecting cooperators from harm is a compelling interest that can justify sealing." *Id.* at 148.[5] The Court then found that the district court, in denying the defendant's motion to seal, "ignored facts showing that [the] [d]efendant faces a heightened risk of harm in prison and *failed to consider the increased risks that all government*

---

[4] *See U.S. v. Harris,* 890 F.3d 480, 491-92 (4th Cir. 2018)(holding that "the district court should have allowed Harris to file his sentencing memorandum under seal and required him to file a publicly accessible version that is redacted to the extent that it identifies the defendant's family and the nature of his cooperation, if any, with law enforcement," and noting that "the district court appropriately decided not to restrict public access to the entire sentencing memorandum, as only select parts contained sensitive information," requiring only "minor redaction" there).

[5] *See also Doe,* 962 F.3d at 147 n.9 (generally recognizing that "protecting ongoing investigations" and "protecting family members," particularly "when a defendant cooperated with the government," can also serve as compelling interests, but relying only on the risk of harm to the defendant himself based upon the defendant's failure to argue the other interests sufficiently).

*cooperators now face due to the advent of electronic filing and the use of the internet to identify cooperators*."[6]  962 F.3d at 142 (emphasis added).

Notably, the Fourth Circuit, in finding that "sealing the order referring to [the] [d]efendant's substantial assistance is necessary to protect [the] [d]efendant from harm," also found that sealing such order in its *entirety*—rather than redacting it— "is the narrowest means of protecting th[at] compelling interest."  962 F.3d at 142, 147, 152-53 (emphasis added).  Specifically, as to the defendant's argument that redacting § 5K1.1 references would only cause others to deduce "that the removed material involved cooperation" (an argument which Mr. Markovitz makes here),  the Court found that "[c]ommon sense confirms this conclusion." *Id.* at 152.  As the Court explained:

> Although this Court has used redactions to protect the identities of a defendant's family members, *e.g., Harris,* 890 F.3d at 492, redaction cannot protect [the] [d]efendant himself because redacting the order would merely 'flag the filings in his case. The publicly available and remotely accessible filings would immediately look different from the filings in non-cooperators' cases.' [*U.S. v.*] *Doe,* 870 F.3d [991, 1001

---

[6] *See also Doe,* 962 F.3d at 148-151 (further discussing how "the record demonstrates that [the] defendant faces a heightened risk" of harm or "substantial risk of harm in the absence of sealing," including based upon the extent and nature of his cooperation with law enforcement as well as the favorable impact of same on his sentence; certain public reports and/or standing orders of which the court took judicial notice that have documented the "alarming" safety risks to cooperating defendants; and the fact that his cooperation was not already a matter of public record, and emphasizing that, while "the record does not reveal any direct threats to" the defendant, such "direct threats are not 'a strict condition precedent to a district court's granting of a closure motion'").

12

(9th Cir. 2017)].  For that reason, the CACM Report recommends that
'courts restructure their practices so that documents or transcripts that
typically contain cooperation information' are automatically placed in
a sealed supplement….

*Id.*

Thus, following the teaching of *Doe*,[7] sealing Mr. Markovitz's Sentencing

Letter, in its entirety, would be the narrowest means of truly protecting his

compelling interests in safety and to eliminate any fear of reprisal.  *See also e.g.,*

*U.S. v. Ahsani*, 76 F.4[th] 441, 453-54 (5th Cir. 2023)(affirming the district court's

decision to seal the subject documents completely rather than redact them based on

its reasoning that "appropriate redactions…would essentially destroy any value the

documents have and therefore would undermine the very purpose behind

intervenors' request," and reasoning that, "[a]lthough redaction is often practicable

and appropriate as the least restrictive means of safeguarding sensitive information,

it is not always so," and the district court "properly considered the alternative of

redaction and permissibly found that it was inappropriate").  From counsel's

experience, an individual with even rudimentary knowledge of the criminal justice

---

[7] *See generally In re Owens,* No. 20-1474, 843 Fed. Appx. 667 (6th Cir. Jan. 22,
2021)(otherwise following and finding persuasive the Fourth Circuit's *Doe* decision,
but distinguishing it from the instant case and denying the defendant's writ of
mandamus to direct the district court to grant his motion to file his proffer letter
under seal on the grounds that he had not shown his entitlement to mandamus relief
(as distinct from an appeal of a collateral order) and he himself had made public the
fact of his proffer in various underlying court filings/proceedings)(attached hereto
as Exhibit C).

system would understand that the letter as redacted in sealed Exhibit B would be as the result of cooperation with the Government and, for that reason, requests sealing of the entire sentencing letter.

Further, as discussed above, for purposes of protecting the important policy reasons underlying the confidentiality of PSRs and objections thereto, courts, including the Sixth Circuit, have properly sealed other judicial records to the extent that they refer to or rely on confidential information in PSRs or objections thereto.[8]

---

[8] *See e.g., U.S. v. Griffiths,* No. 19-4276, 2020 U.S. App. Lexis 36108, (6th Cir. Nov. 17, 2020)(unpublished)(J. Boggs per FRAP 27(c))(where, in a criminal appeal, the Government and the Defendant moved to file their briefs under seal because such briefs referred to confidential information sealed in the district court (*i.e.,* excerpts from the Defendant's PSR and an "evaluative report by a clinical and forensic psychologist" attached to his sealed sentencing memorandum), granting the Government and the Defendant leave to file briefs from which such matters are redacted based upon the following compelling reasons and upon finding such redactions to be narrowly-tailored: 1) "PSRs are presumed to be confidential" for the reasons outlined in *In re Morning Song Bird Food Litigation* and "[p]rotecting the specific PSR information" cited in the briefs "comports with the[] compelling interests" underlying such confidentiality; and 3) "there is sometimes compelling reason to seal medical records" and such compelling reason exists here to "seal the information from the psychiatrist's report")(attached hereto as Exhibit D); *U.S. v. McConnell,* No. 5:22-cr-00124, 2023 U.S. Dist. Lexis 24847 (SD W. Va. Feb. 14, 2023)(following *U.S. v. Doe*, 962 F.3d 139 (4th Cir. 2020), and allowing the Defendant to redact from his sentencing memorandum certain personal and medical information that is akin to what would be in a PSR or an objection thereto (*i.e.,* an expert report that "contains an in-depth examination of the Defendant's childhood and career history, his sexual and relationship history, and his psychiatric history" as well as "findings and diagnoses from a clinical psychologist"))(attached hereto as Exhibit E).

14

Here, Mr. Markovitz's Sentencing Letter is otherwise akin to the material that would be in PSRs and objections thereto, and otherwise outlines, in great detail, his extensive cooperation with law enforcement over many years, which could lead to severe repercussions against Mr. Markovitz and his loved ones if discovered and would establish precedent that would be inimical to the Government's investigation and prosecution of others (*i.e.,* cooperation) in the future.

C.   **Further Reasons Which Support Sealing**

Courts, in weighing the competing interests, must also consider "how the person seeking the information intends to use the information." *Kravetz,* 706 F.3d at 62 (noting, for example, that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts, and personal vendettas similarly need not be aided").

In his Motion to Unseal, Movant asserts that he "is a political activist who has previously sought and obtained orders…unsealing sentencing memorandums in criminal cases that were improperly sealed" and otherwise argued that "the sentencing memorandums in this case" were "sealed in violation of the First Amendment and common law jurisprudence." (ECF No. 1, PageID.8, 10-11, 13-16) Thus, the Court, via its April 18, 2024, Opinion & Order, has essentially

already granted Movant the relief that he has sought in terms of ordering that the requisite process be followed for filing the Sentencing Letter under seal.

As to the alleged interest in having access to Mr. Markovitz's Sentencing Letter specifically, Movant essentially argues that, because Mr. Markovitz "is a well-known businessman in Metro Detroit who is a public figure,…the public would have [a] significant interest in a comprehensive review of the case" and, in particular, as to whether Mr. Markovitz's sentence was fair and just. (*See* ECF No. 1, PageID.10-12, 17-19.) It may be worth mentioning that, while he cites to various local newspaper articles covering Mr. Markovitz's criminal case/sentence, Movant is not himself a member of the media nor has any member of the media, including one that has written on Mr. Markovitz's sentence, ever similarly sought the disclosure of the Sentencing Letter.

Further, assuming arguendo only that Mr. Markovitz's well-known/public-figure status in Metro Detroit makes his sentencing more a matter of public interest, this fact actually counsels against the disclosure of Mr. Markovitz's Sentencing Letter (where that letter outlines, in great detail, his extensive cooperation with law enforcement) and makes it even more likely he would be targeted, putting him and his loved ones' safety and well as his livelihood at greater risk.

16

Finally, the Criminal Information, Rule 11, and Judgment in the Criminal Case—all of which are publicly available—are sufficient to enable any members of the public who wish to assess for themselves the fairness of Mr. Markovitz's sentence to do so.[9]

Contrary to Movant's cursory assertion that "the First Amendment does not allow [Mr. Markovitz]…to file [his] sentencing memorandum[] in a criminal case away from the public's watchful eyes" (*See* ECF No. 1, PageID.10), the First Amendment does, in fact, allow Mr. Markovitz to do this very thing where that memorandum, among other things, details his extensive cooperation with law enforcement and where the public disclosure of which would endanger his and others' safety and adversely impact his livelihood as well as governmental investigative interests.    Significant to the Court's overall analysis is the

---

[9] In his Motion to Unseal, Movant questions rhetorically whether, "if the average citizen" had committed the offense to which Mr. Markovitz pleaded guilty, they would have received a custodial sentence, and claims that Mr. Markovitz, as a "well-known and wealthy business owner," only got "a slap on the wrist" and should have been required to pay more than "a nominal $9,500 fine in light of [his] substantial wealth."   (ECF No. 1, PageID.10-11)   His aspersions ignore that, pursuant to the Rule 11, Mr. Markovitz also forfeited over $1,298,202.99, and that the Rule 11—which was one under subsection (c)(1)(C)—otherwise set forth the agreed-upon sentencing ranges (and, implicitly, the underlying considerations therefor, including based upon, significantly, Mr. Markovitz's calculated criminal history category). (*See* Criminal Case, *ECF No.* 12). *See generally In re Morning Song Bird Food Litig.,* 831 F.3d at 781 (generally recognizing that, with a Rule 11(c)(1)(C) plea agreement, a sentencing court is "required to determine whether the sentence reached by the parties was sufficient but not greater than necessary to satisfy the sentencing factors outlined in 18 U.S.C. § 3553(a)").

Government's undeniable and substantial interest in encouraging cooperation with law enforcement and the Government's compelling investigative interests not only here but in the future in this district and across the entire country.  The need to safeguard such compelling interests clearly outweighs any public right of access, as has been recognized by every court in this district.  Indeed, had Mr. Markovitz known, prior to sentencing, that the submission of his Sentencing Letter to the Court would later be at risk for being publicly filed, he would have withdrawn such letter and either moved to file it under seal or submitted a revised one without the information at issue.   Unsealing his Sentencing Letter here would violate the very reasons recognized by all courts for the secrecy of PSRs and related objections, and would preclude consideration of extremely relevant § 3553 factors from a court's consideration, leading to an unjust sentence.

### III.   CONCLUSION

For the reasons set forth above, the interests in support of Mr. Markovitz's request to file his Sentencing Letter under seal are compelling, the counter-interests supporting access to such filing are not, and the requested sealing itself (or the alternative) is no broader than necessary to serve the compelling interests in support thereof.

4877-5461-9085, v. 1

**WHEREFORE,** Mr. Markovitz respectfully requests that this Court **GRANT** this Motion and **ORDER** that his Sentencing Letter be filed under seal in its entirety or, in the alternative, as redacted, as proposed in sealed Exhibit B.

Respectfully submitted,

Hertz Schram PC
Attorneys for Defendant Alan Markovitz
/s/ Walter J. Piszczatowski (P27158)
1760 S. Telegraph, Suite 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000

Dated:  May 2, 2024      wallvp@hertzschram.com