UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                          Case: 23-cr-20058
                                          Honorable Linda V. Parker

ALAN MARKOVITZ,

    Defendant.

v.

CHARLES BLACKWELL,                      Case No. 23-mc-51361
                                          Honorable Linda V. Parker

    Movant.
_____/

## OPINION AND ORDER

On April 18, 2024, this Court issued an order requiring the United States and Defendant Alan Markovitz to file motions if they wish to keep materials in their sentencing memoranda sealed. (ECF No. 6.) The deadline to do so was May 2. (*Id.*) On that date, Markovitz filed under seal on the criminal docket an ex parte motion to seal his sentencing memorandum. (ECF No. 25.) Markovitz asks the Court to seal his entire memorandum or, at a minimum, redact identified materials. The Government has not responded to the order.[1]

---

[1] In its response to Movant Charles Blackwell's motion to unseal, the United States asked that it "be allowed to file a redacted sentencing memorandum that protects

## Applicable Law

As set forth in the Court's April 18 decision, there is a presumption of public access to sentencing memoranda which is protected by the common law and the First Amendment to the United States Constitution. (*See* ECF No. 6 at PageID. 49-50 (collecting cases).) As also set forth in that decision, however, "[p]ublic access is not unlimited . . . 'Sealing is appropriate if it is essential to preserve higher values and is narrowly tailored to serve such ends.'" (*Id.* at PageID. 51 (quoting *In re Search of Fair Fin.*, 692 F.3d 424, 429 (6th Cir. 2012) (brackets, additional quotation marks, and citations omitted).) "Courts are 'afforded the power to seal their records when interests of privacy outweigh the public's right to know.'" (*Id.* at PageID. 52 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted).) Nevertheless, the right of access "may be overcome only by an overriding interest *based on findings* that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984) (emphasis added).

---

sensitive information." (*See* ECF No. 3 at PageID. 29.) However, the United States never moved to keep its memorandum under seal as subsequently ordered by the Court. (ECF No. 6.) Nevertheless, out of caution, the Court has reviewed the memorandum to assess whether it contains information warranting sealing. For the reasons discussed in this decision, the Court concludes that sealing of the United States' sentencing memorandum is not warranted.

The burden to overcome the presumption of openness falls upon the party seeking to keep material out of the public's eyes. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). This is a heavy burden and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *Knoxville News*, 723 F.2d at 476). The party seeking closure must present "particularized evidence" that public access "would result in [the identified harm]." *In re Owens*, 843 F. App'x 677, 680 (6th Cir. 2021) (citing *United States v. Doe*, 962 F.3d 139, 147-51 (4th Cir. 2020)) (finding the Fourth Circuit's decision in *Doe* "instructive" and concluding that the defendant "ha[d] not offered any particularized evidence that the mention of his proffer in publicly accessible documents would result in danger to him, specifically"); *see also Press-Enter.*, 464 U.S. at 510 (requiring courts to make "findings that closure is essential to preserve higher values" and instructing that "[t]he interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered"). The court must find that there is "a 'substantial probability' the interest will be harmed absent sealing[,]" and "conclusory statements cannot alone establish a substantial probability of harm." *Doe*, 962 F.3d at 148 (citing *In re Washington Post Co.*, 807 F.2d 383, 392 (4th Cir. 1986)); *see also In re Providence J. Co.*, 293 F.3d 1, 13 (1st Cir. 2002) ("We caution that this

3

inquiry requires specific findings; the First Amendment right of public access is too precious to be foreclosed by conclusory assertions or unsupported speculation.").

Courts have recognized that harm to a defendant or a defendant's family may constitute a compelling reason warranting secrecy of certain materials. *See, e.g., Doe*, 962 F.3d at 147 (quoting *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018)) ("Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation may justify restricting access [to court proceedings and/or materials]"); *id*. at 147 n. 9 (citing *Harris*, 890 F.3d at 492) ("protecting family members is certainly a compelling interest"); *id.* at 148 (collecting circuit cases holding "that protecting cooperating inmates serves a compelling interest under the First Amendment"); *United States v. Doe*, 870 F.3d 991, 999-1000 (9th Cir. 2017); *see also United States v. Kincaide*, No. 2023 WL 5154527, at *5 (W.D. Ky. Aug. 10, 2023). "And 'as a general rule, the need to protect the well-being of' a defendant 'is even more elevated if judicial records suggest that the defendant may have cooperated with law enforcement." *Doe*, 962 F.3d at 147 (quoting *Harris*, 890 F.3d at 492). Nevertheless, there must be particularized evidence of the specific harm claimed. *See, e.g., Doe*, 962 F.3d at 147 n.9 (recognizing that protecting a defendant's family members may warrant closure but finding that the defendant provided no details about a risk to his

4

family); *In re Owens*, 843 F. App'x at 680 (finding that the defendant did not offer any particularized evidence that public disclosure would result in danger to him); *In re Civil Beat Law Ctr. for Pub. Int.*, No. 21-MC-00298, 2021 WL 4898660, at *3 (D. Hawaii Oct. 14, 2021) (recognizing that "the 'cooperation language' in [the defendant's plea] Agreement could jeopardize both his safety and the Government's ongoing investigation" but noting that "speculative jeopardy is not enough" to overcome the right of access).

## Analysis

Markovitz has not met his burden of showing a substantial probability that a compelling interest will be harmed if his sentencing memorandum is unsealed, either completely or with all of his requested redactions. The Court first observes that his request to seal the entire memorandum completely ignores Supreme Court and Sixth Circuit precedent that any restriction on access must be narrowly tailored to serve the compelling reason for closure. *See supra*.

Second, he offers no justification for several of his proposed redactions. The Court notes that two of those redactions—references to Ronald Szolack and that Markovitz' father is a Holocaust survivor—undermine his motion and the credibility of his arguments supporting nondisclosure. This is because the information is already publicly available. Both Markovitz' and Szolack's plea agreements disclose that their convictions arise from a transaction between them.

5

(*See* ECF No. 12 at PageID. 22); Rule 11 Plea Agreement, *United States v. Szolack*, Case No. 23-cr-20020 (E.D. Mich. Feb. 1, 2023), ECF No. 7 at PageID. 11. The information concerning Markovitz' father is readily available through an Internet search, including on the "official bio" page of the public website promoting Markovitz, his book, and his clubs. *See* https://perma.cc/8RGD-43XH.

Much of what Markovitz seeks to redact relates to his cooperation with law enforcement. He relies heavily on the Fourth Circuit's decision in *Doe* in support of that request. But *Doe* does not instruct that sealing is proper whenever material relates to a defendant's cooperation.

Instead, the Fourth Circuit looked to see if "the record demonstrates that [the d]efendant faces a heightened risk." 932 F.3d at 148. The court found a "substantial probability" of harm because the "[d]efendant was involved with, and provided information about, members of an interstate drug-trafficking organization and individuals committing home invasion and robberies[,]" and he "spent a decade robbing high level drug dealers—individuals who, according to the district court, are more likely to put a hit on you than to call the police after a robbery." *Id.* (cleaned up). The Ninth Circuit's decision in another *Doe* case similarly rested on specific facts resulting in a heightened risk of harm to the defendant and his family. *See* 870 F.3d at 998-99.

In that decision, those facts were:

6

> (1) his offense involved a large international drug-trafficking organization; (2) he lost a load of methamphetamine with a conservative estimated street value of more than half a million dollars; (3) Doe was involved in multiple border crossings and delivered narcotics to numerous locations throughout Southern California; and (4) he cooperated while he was in pre-trial detention by providing incriminating information about others who were also incarcerated. Moreover, Doe provided information about other defendants whom he recognized during a court appearance. Presumably, these defendants recognized Doe as well, further jeopardizing his safety if his cooperation became public. The government also describes the potential risk to Doe's family, crediting the statement in the presentence report that a member of the cartel told Doe: "Don't play us dirty because we know where your family is."

*Id.* Absent such factual support, courts have found generalized assertions of harm by a defendant and/or his or her counsel insufficient to overcome the presumption of openness. *See, e.g., Oregonian Publ'g Co. v. U.S. Dist. Ct. for the Dist. of Oregon*, 920 F.2d 1462 (9th Cir. 1990); *In re Civil Beat Law Ctr. for Pub. Int.*, 2021 WL 4898660, at *5.

In *Oregonian Publishing*, the Ninth Circuit held that the district court erred in sealing a plea agreement and related documents contemplating the defendant's cooperation where there was no factual support to conclude that, without closure, the safety of the defendant or his family would be placed in jeopardy. *Id.* at 1467. Similarly, in *In Civil Beat Law Center for Public Interest*, the court found that the defendant did not satisfy his burden of demonstrating a substantial probability of harm which would be caused by disclosure of his plea agreement containing a

cooperating provision. 2021 WL 4898660, at *5. There, the defendant supported his request for closure on his counsel's "conclusory" assertion that unsealing would subject the defendant to the risk of attack or injury, that his "offense involved a high-profile racketeering enterprise alleged to have been controlled and directed by a high-profile Honolulu businessman[,]" that the case involved numerous defendants and allegations and admissions of violent crime, and his "vague claims of on-line 'harassment' since he publicly announced his guilty plea." *Id.* The instant matter presents even fewer circumstances supporting a substantial probability of harm.

Notably, the first description of Markovitz' cooperation involves a thirty-year old investigation and prosecution *and* Markovitz testified at trial in the matter. Thus, his involvement and cooperation already have been disclosed. Nevertheless, that disclosure was to a limited number of people—likely only those individuals physically present in the courtroom. It is quite different to expose the full details of the investigation and prosecution on a public electronic database, which is known to be searched by criminals seeking to identify cooperators and intending to do them harm. The Court finds that there is a sufficient risk of harm to Markovitz if these details are revealed to outweigh the public's right to know them. They will be redacted.

With two exceptions, which will be redacted, Markovitz' cooperation primarily involved individuals or organizations investigated and/or prosecuted for fraud, including tax fraud, not violent crimes. And nothing about those cases suggest that they involved dangerous individuals who now pose a threat to Markovitz. Like the situation discussed above, however, there are limited details about these cases that the Court concludes should not be disclosed as doing so may still put Markovitz at risk of harm. These details include the names of the individuals who were the subjects of Markovitz' cooperation, details enabling the public to identify those individuals, how Markovitz acquired certain information relevant to the government's investigation and prosecution, and the name of the probation officer who prepared the presentencing report in this matter.

## Conclusion

In summary, the First Amendment and common law provide a rebuttable presumption that hearings and filings in criminal proceedings, including sentencing memoranda, will be publicly accessible. A member of the public, therefore, does not have to prove his or her entitlement to or need for the materials. Instead, where there is a First Amendment right of access, the party seeking to limit access must demonstrate that closure is necessary to protect a compelling interest, there is a substantial probability that without closure that interest will be harmed, and that

any closure is narrowly tailored. Markovitz does not satisfy his burden with respect to the complete redaction of his sentencing memorandum.

For the reasons articulated above, the Court is redacting portions of the memorandum. The memorandum otherwise will be filed on the public docket.

The Court, therefore, **GRANTS IN PART AND DENIES IN PART** Markovitz' motion to seal. The sentencing memorandum will be filed with necessary redactions. The motion to seal (ECF No. 26) shall be unsealed.[2] The Government has not renewed its motion to seal its sentencing memorandum. Therefore, that memorandum (ECF No. 19), as well as the Government's earlier motion to seal and the Court's order (ECF No. 18), will be unsealed.

Blackwell's motions for expedited consideration (ECF Nos. 5, 7) are denied.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 30, 2024

---

[2] Defendant initially filed his motion to seal under ECF No. 25, but the filing includes his unredacted sentencing memorandum (i.e., it is not filed as a separate exhibit) and, therefore, cannot be unsealed without disclosing the unredacted memorandum.